# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs at Knoxville June 24, 2008

## STATE OF TENNESSEE v. RAY CHARLES NELSON

**Appeal from the Circuit Court for Montgomery County**
**No. 40700259     Michael R. Jones, II, Judge**

---

### No. M2007-02571-CCA-R3-CD - Filed August 19, 2008

---

A Montgomery County Circuit Court jury convicted the defendant, Ray Charles Nelson, of theft and criminal trespass, and the defendant, now on appeal, challenges the sufficiency of the convicting evidence. Because we hold that the evidence was sufficient, we affirm the judgments of the trial court.

**Tenn. R. App. P. 3; Judgments of the Circuit Court Affirmed**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which DAVID H. WELLES and CAMILLE R. MCMULLEN, JJ., joined.

Roger E. Nell, District Public Defender; and Gregory D. Smith, Clarksville, Tennessee, for the appellant, Ray Charles Nelson.

Robert E. Cooper, Jr., Attorney General and Reporter; Cameron L. Hyder, Assistant Attorney General; John Wesley Carney, Jr., District Attorney General; and Chris Clark, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

The convictions emanated from a July 29, 2006 episode at a Wal-Mart store. Following the jury's verdicts, the trial court sentenced the defendant to serve 281 days on the theft and 30 days on the criminal trespass. The sentences were to be served concurrently in the county jail.[1]

At trial, Kim Mercado, a Wal-Mart "asset protection manager," testified that on July 29, 2006, she saw the defendant in the Fort Campbell Wal-Mart store. She noticed him because the store had instructed him "not to ever come back to any Wal-Mart." She exhibited to her testimony a July 6, 2005 "trespass agreement" which provided that the defendant would not reenter any Wal-

---

[1]The defendant received pretrial jail credit of 281 days.

Mart property and that he would be subject to prosecution for trespassing should he do so. Ms. Mercado testified that she signed the agreement but that the defendant refused to sign. She also exhibited to her testimony a "notification of restriction" form dated August 25, 2005, which bore her signature as well as that of the defendant.

On July 29, 2006, Ms. Mercado saw the defendant in the Wal-Mart men's department and noticed that "he selected the few items and concealed them in the front of his pants." Ms. Mercado followed the defendant through the store and approached him when he exited the building. She confronted the defendant, who continued walking away from the store. At one point, the defendant removed the concealed items – a ball cap, a jersey, and some socks – and "just threw them in the bushes, in the parking lot." She testified that the total value of the items was $33.

Ms. Mercado also exhibited to her testimony videotaped clips from the store's security cameras that depicted the defendant entering and exiting the store on July 29, 2006. She testified that, although the interior of the store was equipped with 159 security cameras that recorded images "24-7," the cameras were fixed and did not cover the entire area inside the store. She attributed her failure to find any video images of the defendant in the men's department on July 29, 2006, to the lack of full coverage by the cameras. Ms. Mercado admitted that, except for the defendant's entering and leaving the store on July 29, 2006, none of the store's interior or parking-lot cameras recorded the defendant in possession of the stolen items. She also admitted that, on July 3, 2006, she had learned that the defendant had civilly sued her and Wal-Mart.

Ms. Mercado agreed that she did not sign the affidavit for the defendant's arrest warrant until November 22, 2006. She attributed the delay to her volume of work responsibilities but then testified that the delay was requested by the district attorney general's office.

The defendant offered no evidence, and the jury convicted him of theft and criminal trespass. On appeal, he claims that the evidence was insufficient to support the theft conviction.

When an accused challenges the sufficiency of the evidence, an appellate court's standard of review is whether, after considering the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Tenn. R. App. P. 13(e); *Jackson v. Virginia*, 443 U.S. 307, 324, 99 S. Ct. 2781, 2791-92 (1979); *State v. Winters*, 137 S.W.3d 641, 654 (Tenn. Crim. App. 2003). The rule applies to findings of guilt based upon direct evidence, circumstantial evidence, or a combination of direct and circumstantial evidence. *Winters*, 137 S.W.3d at 654.

In determining the sufficiency of the evidence, this court should neither re-weigh the evidence nor substitute its inferences for those drawn by the trier of fact. *Id.* at 655. Questions concerning the credibility of the witnesses, the weight and value of the evidence, as well as all factual issues raised by the evidence are resolved by the trier of fact. *State v. Cabbage*, 571 S.W.2d 832, 835 (Tenn. 1978). This court must afford the State of Tennessee the strongest legitimate view

of the evidence contained in the record as well as all reasonable and legitimate inferences which may be drawn from the evidence. *Id.*

In the present case, the defendant does not claim that the State failed to prove the elements of the theft offense; rather, he invites this court to re-weigh the evidence, particularly the evidence of Ms. Mercado's prejudice against the defendant, and to conclude that the theft never happened. As the rules for reviewing the sufficiency of the evidence in criminal cases state, however, we are not empowered to re-weigh the evidence, to make credibility determinations, or to draw inferences from the evidence that differ from those drawn by the trier of fact. The State introduced evidence which, if believed by the jury, authorized the jury to convict the defendant of the charged offenses.

Accordingly, the evidence was sufficient, and the judgments are affirmed.

_____
JAMES CURWOOD WITT, JR., JUDGE